IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Darrell Dunham, Donald Barrett,** | ) | |
| **Daniel Bost, and Andy Wist,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | 3:13-cv-00473-GPM-PMF |
| | ) | |
| **Jackson County, a body politic and** | ) | |
| **Corporate and Larry W. Reinhardt,** | ) | |
| **Clerk of the County of Jackson, sued** | ) | |
| **in their official capacity, and** | ) | |
| **Illinois State Board of Elections, and** | ) | |
| **its Board Members, Bryan A. Schneider,** | ) | |
| **William M. McGuffage (Chairman),** | ) | |
| **Jesse R. Smart (Vice Chairman)** | ) | |
| **Betty J. Coffrin, Harold D. Byers, Judith** | ) | |
| **C. Rice, Charles W. Scholz, Ernest L. Gowen** | ) | |
| **and Rupert T. Borgsmiller, its executive** | ) | |
| **director, sued in their official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## INJUNCTIVE AND OTHER RELIEF

NOW COME THE PLAINTIFFS, by their attorney, Darrell Dunham, and for their

Complaint for Declaratory Judgment and for Injunctive and Other Justifiable Relief state:

### Introduction

This is an action for declaratory, injunctive, and other relief, sought pursuant to

the Due Process and Equal Protection Clause guaranteed by Article 1, Section 2, of the

Constitution of the State of Illinois, and the Compact, Contiguous and Equal Legislative

Redistricting Clause guaranteed by the Illinois Counties Code, Division 2-3, 55 ILCS

5/2-3001 et seq., and under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution challenging the reapportionment of the county board districts in the County of Jackson, State of Illinois.  Plaintiffs ask the Court to declare that the reapportionment resolution passed by the Jackson County Board on July 13, 2011, to be unconstitutional and to enjoin defendants from exercising any of their powers relating to the administration or supervision of county board elections for the county board districts of the County of Jackson and State of Illinois under the new reapportionment resolution adopted on July 13, 2011 by the County of Jackson.

## Jurisdiction and Venue

1.  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution of the United States of America, 28 U.S.C. §§ 1331 and 1343(a)(3)(4).

2.  The jurisdiction of this Court over the State claim is founded on this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## Parties and Venue

3.  Plaintiff  Darrell Dunham is a member of the Jackson County Republican Central Committee.   In the last election cycle Dunham unsuccessfully ran as a Republican for the county board pursuant to the election map approved by the reapportionment resolution of July 13, 2011.

4.  Plaintiff  Dan Barrett, is a member of the Jackson County Republican Central Committee.   In the last election cycle Barrett unsuccessfully ran as a Republican for the county board pursuant to the election map approved by the reapportionment resolution of July

13, 2011.

5.   Plaintiff Daniel Bost is a member of the Jackson County Republican Central Committee.   In the last election cycle Bost successfully ran as a Republican for the county board pursuant to the election map approved by the reapportionment resolution of July 13, 2011.

6.   Plaintiff, Andy Wist, is a member of the Republican Party, and a resident of the County of Jackson, Illinois.  He voted in the last election and has standing to bring this suit because his voting rights were impaired as a result of the reapportionment resolution of July 13, 2011.

7.   Defendant, Jackson County, is a body politic and corporate, organized and existing pursuant to the laws of the State of Illinois and located within the Southern District of Illinois.  Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b).

8.   Plaintiffs are all residents of Jackson County, Illinois.

9.    Defendant Larry W. Reinhardt is the Clerk of Jackson County, Illinois, and pursuant to 10 ILCS 5/1-3(10) and 10 ILCS 5/17-8 is the local election official and is responsible for the preparation and administration of elections in the County of Jackson. This defendant is sued in his official capacity.

10.   Defendant State Board of Elections ("State Board") of the State of Illinois, pursuant to Article III, Section 5 of the Illinois Constitution, 10 ILCS 5/1A-1 and 10 ILCS 5/1A-8, is also responsible for the administration and supervision of the election laws of the State of Illinois, including the administration and supervision of the local elections for the County of Jackson, which elections include the

election of members to the Jackson County Board.

11.  The individual defendants who are members of the Board of the State Board of Elections are Bryan A. Schneider, William M. McGuffage (Chairman), Jesse R. Smart (Vice Chairman) Betty J. Coffrin, Harold D. Byers, Judith C. Rice, Charles W. Scholz, Ernest L. Gowen and Rupert T. Borgsmiller, its executive director, are sued in their official capacities, together with Ronald D. Michaelson, Executive Director of the State Board of Elections, are charged with the responsibility to execute the duties of the State Board of Elections. These defendants are sued in their official capacity.

## Law and Facts

12.  The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution protects an individual's political equality as to the fundamental right to vote by requiring that governmental entities have an acceptable process of regular redistricting to comply with the general guidelines of "one person, one vote."  Under this constitutional doctrine, county board districts must be as equal in population as possible, district lines should not be drawn to dilute votes based upon race, and should not be drawn to ignore so as to ignore township boundaries, precinct boundaries and to divide cities.

13.  In compliance with the Federal Constitutional mandate to redistrict properly at regular intervals, Illinois has enacted statutes governing the redistricting for governmental entities.

14.  Chapter 55 Section 5/2-3003 of the Illinois Compiled Statutes requires the County Board to adopt an apportionment plan under specific guidelines: the districts shall (1) be equal in population to each other district; (2) shall be comprised of contiguous territory, as

nearly compact as practicable; and (3) may divide townships or municipalities *only* when necessary to conform to the equal population requirement.

15. "Compact" means, "closely united."

16. "Contiguous" means "touching or adjoining in a reasonably substantial physical sense."

17. Under Illinois law, a reapportionment plan must not be the product of "political gerrymandering."

18. "Political gerrymandering" means "the manipulation of district lines for partisan political ends."

19. On the July 13, 2011, defendant, the County of Jackson, a body politic and corporate, by and through the purported action of a majority of the members of its board, adopted a reapportionment plan.

20. The Jackson County Board did not make an honest good-faith effort to construct its districts as compact as possible, as contiguous as possible, and in fact constructed an election map which divided cities, precincts, and townships and diluted votes on racial lines for the purpose of obtaining a partisan political advantage for the Democratic Party of Jackson County, Illinois.

21. It is possible to draw county board districts a population deviation that satisfies the requirements of the United States and Illinois Constitutions and related statutes that also does not divide cities, divide precincts, divide townships, is compact, and does not divide votes on racial lines.

22. Jackson County will next have county elections in March of 2014.

23. A reapportionment plan that satisfies Federal and State law requirements must be in place prior to the deadline for the filing of petitions for the next county election which is approximately December 2013.

## Count 1
## Violation of Equal Protection

24. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

25. The redistricting plan ordinance enacted by the County Board Member from the County of Jackson and State of Illinois, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, because the districts are not as equal as possible, given the restrictions of natural, and township boundaries, have been illegally politically gerrymandered to dilute and reduce:

    A)     Republican representation on the Jackson County Board.

    B)     Racial representation on the Jackson County Board.

26. At the time of hearing in this case, the Plaintiffs will proposed a reapportionment plan that is in conformity with the Equal Protection Clause.

WHEREFORE, Plaintiffs respectfully pray that the Court:

A) Declare the county board district lines of Jackson County are violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States;

B) Order that the alternative plan proposed by the Plaintiffs herein be adopted by

the County of Jackson, State of Illinois, as the county board district lines for Jackson County, Illinois;

C) In the alternative, order the County Apportionment Commission to immediately and without delay redistrict the county board districts in a manner complying with the Constitution of the United States, wherein said redistricting plan has deviations no greater than those proposed by the Plaintiffs in their alternative plan filed herein;

D) In the alternative, impose by court order a redistricting plan for the county board districts of the County of Jackson and State of Illinois;

E) Grant Plaintiffs their cost of this action, including reasonable attorneys fees; and

F) Grant Plaintiffs such other relief as may be just and equitable.

## Count II
## VIOLATION OF 55 ILCS 5/2-3003 et. seq.

27. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

28. The redistricting plan ordinance enacted by the county board of Jackson County on July 13, 2011, violates Chapter 55 Section 5/2-3003 of the Illinois Compiled Statutes because the districts are not compact, do not follow logical natural boundaries, and are not all contiguous and the districts divide townships unnecessarily, divide precincts unnecessarily, divide cities unnecessarily, further dividing natural communities of interest resulting in being practically impossible for a racial minority to be elected to the

county, all in violation of the principles as contemplated by the statute.

WHEREFORE, Plaintiffs respectfully pray that the Court:

WHEREFORE, Plaintiffs respectfully pray that the Court:

A) Declare the county board district lines of Jackson County are violative Illinois statutory law;

B) Order that the alternative plan proposed by the Plaintiffs herein be adopted by the County of Jackson, State of Illinois, as the county board district lines for Jackson County, Illinois;

C) In the alternative, order the County Apportionment Commission to immediately and without delay redistrict the county board districts in a manner complying with the Constitution of the United States, wherein said redistricting plan has deviations no greater than those proposed by the Plaintiffs in their alternative plan filed herein;

D) In the alternative, impose by court order a redistricting plan for the county board districts of the County of Jackson and State of Illinois;

E) Grant Plaintiffs their cost of this action, including reasonable attorneys fees; and

F) Grant Plaintiffs such other relief as may be just and equitable.

## Count III
### EQUAL PROTECTION—ILLEGAL GERRYMANDERING

29. Plaintiffs adopt by reference all preceding paragraphs of this complaint.

30. The redistricting plan adopted by the Jackson County Board violates the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States, because it constitutes a Democratic Party gerrymander intended to disadvantage, and dilute Republican Party representation on the Jackson County Board which will effectively deny Republican voters in the said county a fair chance to influence the political process.

31. Upon information and belief, the Plaintiffs believe that certain Democratic members of the County Board and other Democratic hopefuls, conspired to create democratic districts and to eliminate and dilute Republican representation on the Board.

32. The reapportionment plan adopted by the Board intentionally and unnecessarily divides a precinct located in northeastern Carbondale, whose population is a predominately black and further divides the northeastern section of Carbondale into three of seven board districts so as to prevent the black citizens of Jackson County from acquiring representation on the Jackson County Board with the further intent of denying Republican voters in Jackson County a fair chance to influence the political process.

WHEREFORE, Plaintiffs respectfully pray that the Court:

A) Declare the county board district lines of Jackson County are violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States, and declare that the entire reapportionment process was violative of the Due Process Rights of the Plaintiffs.

B) Order that the alternative plan proposed by the Plaintiffs herein be adopted by

the County of Jackson, State of Illinois, as the county board district lines for Jackson County, Illinois;

C)  In the alternative, order the County Apportionment Commission to immediately and without delay redistrict the county board districts in a manner complying with the Constitution of the United States, wherein said redistricting plan has deviations no greater than those proposed by the Plaintiffs in their alternative plan filed herein;

D)  In the alternative, impose by court order a redistricting plan for the county board districts of the County of Jackson and State of Illinois;

E)  Grant Plaintiffs their cost of this action, including reasonable attorneys fees; and

F)  Grant Plaintiffs such other relief as may be just and equitable.


Dated:      May 19, 2013                         /s/ Darrell Dunham
                                                 Darrell Dunham  # 3124260
                                                 Attorney for the Plaintiffs
                                                 308 West Walnut
                                                 Carbondale, IL 62901
                                                 Tel: 618-549-9800
                                                 Fax: 618-549-9805